Kamlesh Banga
P. O. Box 6025
Vallejo, CA 94591

Plaintiff in Pro Per
(707) 342-1692

E Filing

FILED

JAN 1 8 2013

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

KAMLESH BANGA,

                    Plaintiff,

        vs.

KOHL'S DEPARTMENT STORES, INC. AND
DOES 1 THROUGH 10 INCLUSIVE.

                    Defendants

CASE NO.: **C13-0275** DMR

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

ADR

DEMAND FOR JURY TRIAL

1.      Plaintiff brings this action against KOHL'S DEPARTMENT STORES, INC.
("KOHL'S")  for compensatory damages, restitution, penalties, and injunctive relief, punitive
damages, costs, attorney's fees and other appropriate and just relief resulting from KOHL'S
unlawful conduct, and as grounds therefore allege:

2.      The Court has jurisdiction of this litigation pursuant to the FCRA, 15 U.S.C. §1681p
and 28 U.S.C. §1331.  Jurisdiction over plaintiff's supplemental State law cause of action exists
under 28 U.S.C. § 1367.  Venue is proper in this Court pursuant to 15 U.S.C. §§1391(b).

3.      Plaintiff is, now, at all times mentioned in the Complaint, a resident of the State of
California

COMPLAINT                                                                                      Page 1

4.      Kohl's Department Stores, Inc. is a chain of clothing stores, licensed to do business in the State of California and has corporate headquarters at N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051.

5.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, and therefore sue these Defendants by such fictitious names and capacities. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously-named Defendants once they have been ascertained.

## FACTUAL BACKGROUND

6.      On August 29, 2009, plaintiff filed a lawsuit against Defendant Kohl's, Experian, and First USA, Bank for their various violations of the Fair Credit Reporting Act, known as Banga v. Experian Information Solutions, Action No. 08-cv-04147. During the litigation, Kohl's including other Defendants noticed plaintiff's deposition to be conducted on May 26, 2009.  At the deposition, plaintiff was required to produce her unredacted consumer credit reports and other confidential documents per Defendants' Request for Production of Documents.  Accordingly, on May 26, 2009, parties entered into Stipulated Protective Agreement for the limited purposes of plaintiff's deposition.  Docket No. 65.

7.      Pursuant to this agreement at the outset of deposition, plaintiff produced four (4) of her unredacted consumer credit reports along with other documents.  Therefore, each of the Defendants including Kohl's was required to file/use plaintiff's consumer reports under seal during the litigation because her consumer credit reports contained not only plaintiff's social security number, but it also contained her other detailed personal identifying information such as her date of birth, her current address, all the past addresses that she had lived in California; credit card numbers, banks account number, and her household member's personal information.

8.      On May 27, 2009, the parties further entered in to a Stipulated Protective Order which provided in relevant portion, **"without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected material. A party that seeks to file under seal any protected material must comply with Civil Code Rule 79-5."** According to this Order, Kohls was required to file plaintiff's credit reports under seal with the Court in accordance with Civil Code Rule 79-5.

9.      On March 18, 2010, judgment was entered in favor of Defendants. Plaintiff appealed the judgment. On February 11, 2011, Kohl's filed its answering brief with the Ninth Circuit in the Case No. 10-15913.  With its answering brief, Kohl's filed Appellee's Supplemental Excerpts of Record including plaintiff's four (4) consumer credit reports without seal.

10.     After discovering that Kohl's had filed plaintiff's consumer credit reports with the Ninth Circuit, on February 28, 2011 plaintiff wrote to Kohl's that it should remove plaintiff's credit reports from the Court's docket immediately. Kohl's did not respond. On November 15, 2011, plaintiff again wrote to Kohl's that it should remove plaintiff's credit report from the Ninth Circuit Docket but to no avail.

11.     On August 20, 2012, plaintiff filed and served Motion for Leave to File First Amended Complaint to add Kohl's Department Stores as Defendant.  However, Kohl's failed to file its responding pleading as wells as failed to remove plaintiff's credit reports from the Ninth Circuit Docket. On December 20, 2012, the court filed an Order that the deadlines for the joinder of other parties was closed.

12.     By posting plaintiff's four credit reports without seal with the Ninth Circuit, Kohl's had breached the Stipulated Protected Agreement of May 26, 2009 and Stipulated Protected Order of May 27, 2009.

13.     Kohl's' willfully displaying plaintiff's social security number to the general public constitutes a violation of the California Civil Code Section 1798.85.  The section 1798.85[1] makes it unlawful to "[p]ublicly post or publicly display in any manner an individual's social security number." The same section goes on to specify that "'publicly post' or 'publicly display' means to intentionally communicate or otherwise make available to the general public." **In this case, by publicly displaying plaintiff's social security number, Kohl's had invaded plaintiff's right to privacy as protected by the Constitution of the State of California, Article I, Section 1.**

---

[1]      California Law on SSN Confidentiality: Civil Code Section 1798.85:  Under the law's provisions, companies may not do any of the following:
- post or publicly display SSNs,
- print SSNs on identification cards or badges;
- require people to transmit an SSN over the Internet unless the connection is secure or the number is encrypted;
- require people to log onto a web site using an SSN without a password.
- print SSNs on anything mailed to a customer unless required by law or the document is a form or application;

14.     Plaintiff is a former cardholder of Kohl's. Kohl's' willfully displaying plaintiff's personal identifying information such as her date of birth, her current address, all the past addresses that she had lived in California; credit card numbers, banks account number, and her household member's personal information to the general public constitutes a violation of the California Civil Code § 1798.83 and §1798.50, et al.

15.     Under the Fair Credit Reporting Act, 15 U.S.C. § 1681b, Kohl's owed a duty to plaintiff not to release credit-related information to outside parties unless such release is authorized by law or upon prior written authorization from plaintiff. Kohl's posting of plaintiff's four credit reports without seal with the Ninth Circuit constitutes a violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u.

16.     Kohl's had compromised plaintiff's social security number [2] Kohl's posting of plaintiff's social security number is particularly damaging because identity thieves are able to not only fraudulently open credit card accounts and to obtain loans, but to fraudulently access her existing accounts.

17.     Though plaintiff employs the service of credit monitoring and incurs monthly fee; yet the defensive monitoring measure is still not a guarantee of protection against identity theft. Identity theft crimes often encompass more than just immediate financial loss. Identity thieves often hold onto stolen personal and financial information for several years before using and/or selling the information to other identity thieves.  Accordingly, the harm resulting from Kohl's posting of plaintiff's social security number cannot necessarily rule out all future harm.

### FIRST CAUSE OF ACTION
### Claim for Breach of Stipulated Protective
### Agreement of May 26, 2009

18.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19.     At all relevant times, Kohl's had failed to comply with the terms of the Stipulated Protected Agreement entered between the parties on May 26, 2009.

---

[2]     The studies show that if an individual's social security number has been compromised, it is much more difficult to protect against identity theft than it would be if credit card information were stolen. Even if an individual overcomes the barriers to changing the social security number, the defensive measure is still not a guarantee of protection against identity theft.

COMPLAINT

20.     Pursuant to Stipulated Protected Agreement, Kohl's was required to file plaintiff's credit reports under seal. Kohls breached the Stipulated Protected Agreement by filing plaintiff's credit without seal with the Ninth Circuit, in the Case No. 10-15913.

21.     At all times material herein, Kohl's has willfully made plaintiff's credit reports available to the general public and it further failed to remove her credit reports from the Ninth Circuit Docket as to date which contained not only plaintiff's social security number but they also contained her date of birth, her current address, all the past addresses that she had lived in the State of California, credit card numbers, banks account number, the details of her personal financial information as well as her household member's personal information.

22.     As a result of Kohl's unlawful conduct, breach of Stipulated Protected Agreement of May 26, 2009, plaintiff has suffered emotional distress, invasion of privacy, and plaintiff continues to be concerned that her social security number may have already been misappropriated without her knowledge, and that harm may accrue to her in the future. This concern will persist even if the situation is corrected through injunctive relief.

## SECOND CAUSE OF ACTION
### Claim for Breach of Stipulated Protective
### Order of May 27, 2009

23.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24.     At all relevant times material herein, Kohl's had willfully failed to comply with the terms of the Stipulated Protected Order of May 27, 2009 which requires that, **"without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected material. A party that seeks to file under seal any protected material must comply with Civil Code Rule 79-5.**

25.     At all times material herein, Kohl's had willfully displayed not only plaintiff's social security number to the general public but it also made plaintiff's date of birth, her current address, all the past addresses that she had lived in California, credit card numbers, banks account number, the details of her personal financial information as well as her household member's personal information available to the general public.

26.     As a result of Kohl's unlawful conduct, breach of Stipulated Protected Order of May 27, 2009, plaintiff has suffered emotional distress, invasion of privacy, and she continues to be

COMPLAINT                                                                                        Page 5

1  concerned that her social security number may have already been misappropriated without her

2  knowledge, and that harm may accrue to her in the future. This concern will persist even if the

3  situation is corrected through injunctive relief.

### THIRD CAUSE OF ACTION
### Claim for Violation Of
### California Civil Code § 1798.85

6      27.    Plaintiff re-alleges and incorporates by reference the allegations contained in

7  paragraphs 1 through 26 above.

8      28.    At all relevant times, Defendant violated Section 1798.85(a)(1), by filing plaintiff's

9  four consumer reports without seal with the Ninth Circuit, in the Case No. 10-15913 which contained

10  her social security number.

11      29.    Kohl's had failed to conform to the requirements of California Civil Code § 1798.85.

11  Section 1798.85(a)(1) of the California Civil Code makes it unlawful to "[p]ublicly post or publicly

12  display in any manner an individual's social security number." The same section goes on to specify

13  that "'publicly post' or 'publicly display' means to intentionally communicate or otherwise make

14  available to the general public."

15      30.    Kohl's had compromised plaintiff's social security number and it is much more

16  difficult to protect against identity theft than it would be if plaintiff' credit card information would

17  have been stolen. Because social security number cannot be easily changed like a credit card

18  account number. Even if plaintiff overcomes the barriers to changing the social security number, the

18  defensive measure is still not a guarantee of protection against identity theft.

19      31.    Identity theft crimes often encompass more than just immediate financial loss.

20  Identity thieves often hold onto stolen personal and financial information for several years before

21  using and/or selling the information to other identity thieves. According to the GAO Report: [L]aw

22  enforcement officials told us that in some cases, stolen data may be held for up to a year or more

23  before being used to commit identity theft. Further, once stolen data have been sold or posted on the

23  Web, fraudulent use of that information may continue for years. As a result, studies that attempt to

24  measure the harm resulting from data breaches cannot necessarily rule out all future harm.

25      32.    Plaintiff is entitled to, and hereby seeks such relief as may be necessary to

26  compensate for identity theft as a consequence of Kohl's' unlawful conduct. In 2009, over eleven

27  million people in the United States had their identities stolen, with an average annual loss to identity

fraud victims of $4,841. *See* Robert Vamosi, et. al., Javelin Strategies, 2010 Identity Fraud Survey Report: Identity Fraud Continues to Rise – New Accounts Fraud Drives Increase; Consumer Costs at an All-Time Low at 8, (Feb. 2010) https://www.javelinstrategy.com/uploads/files/1004.R_2010IdentityFraudSurveySampleReport.pdf. Where the identity was stolen by a coworker, family member, or friend, who could supplement the stolen information with additional information obtained by proximity to the victim, the average loss was $11,827. *Id* at 48.  To the contrary, in this case, identity thieves do not need to supplement any additional information because not only plaintiff's social security number but her date of birth and other identifying information had also been made available to the general public.  Accordingly, there is a high likelihood that her identities may be stolen by anyone, costing her on average $11,827 each per year.

33.    At all times material herein, Kohl's has failed to remove plaintiff's credit reports from the Ninth Circuit's docket which contained not only her social security number but they also contained her date of birth, address of the places that she had lived in the past, credit card numbers, banks account number, the details of her personal financial information as well as her household member's personal information.

34.    As a result of Kohl's unlawful conduct, plaintiff has suffered emotional distress, invasion of privacy, and she continues to be concerned that her social security number may have already been misappropriated without her knowledge, and that harm may accrue to her in the future. This concern will persist even if the situation is corrected through injunctive relief.

## FOURTH CAUSE OF ACTION
## Claim for Violation of FACTA
## California Civil Code § 1798.83 and §1798.50

35.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 above.

36.    Plaintiff is a former credit cardholder of Kohl's.  Kohl's' willfully displaying plaintiff's personal identifying information including her date of birth, her current address, all the addresses that she had lived in the past; credit card numbers, banks account number, and her household member's personal information to the general public constitutes the violations of the FACTA,  Civil Code § 1798.83 and §1798.50 et. al.

37.    Plaintiff maintained at all times relevant to this action, a specific, legally protected privacy interest. That interest is to be free from disclosure of private information. The Kohl's

1   conduct, as alleged herein, constitutes an egregious breach of social norms underlying the privacy

2   right and a serious invasion of plaintiff's privacy.

3       38.    As a result of Kohl's unlawful conduct, plaintiff has suffered emotional distress and

4   she continues to be concerned that her social security number may have already been

5   misappropriated without her knowledge, and that harm may accrue to her in the future. This concern
    will persist even if the situation is corrected through injunctive relief.

6       39.    Kohl's had acted willfully and maliciously by failing to remove plaintiff's credit

7   reports from the Ninth Circuit Docket even after Kohl's was notified and reminded of the fact that

8   plaintiff's credit reports should be removed from the Ninth Circuit Docket; thus plaintiff is entitled

9   to punitive damages.

10                          **FIFTH CAUSE OF ACTION**
                        **California Constitution Art. I, § 1**

11

12      40.    Plaintiff re-alleges and incorporates by reference all the allegations in paragraphs 1
    through 39 above.

13      41.    Kohl's actions were unreasonable and highly offensive to the plaintiff, and to the

14   senses of ordinary persons. Kohl's conduct contravenes all boundaries of decency and standards of

15   a civilized society.

16      42.    At all times material herein, Kohl's had willfully made plaintiff's credit reports

17   available to the general public and it further failed to remove her credit reports from the Ninth

18   Circuit Docket as to date which contained not only her social security number but they also

19   contained her date of birth, her current address, all the past addresses that she had lived in the State

20   of California, credit card numbers, banks account number, the details of her personal financial

21   information as well as her household member's personal information. Plaintiff has a right to avoid

22   disclosure of confidential personal information, including her social security number. Kohl's had

23   invaded said privacy right as protected by the Constitution of the State of California, Article I,
    Section 1 by posting plaintiff's social security number including her personal identifying

24   confidential information in the Ninth Circuit Docket.

25      43.    As a result of the aforementioned acts, Plaintiff was injured as set forth above and is
    entitled to punitive and compensatory damages.

26   ///

27   ///

COMPLAINT                                                                                    Page 8

# SIXTH CAUSE OF ACTION
## Common Law Invasion of Privacy

44.    Plaintiff re-alleges and incorporates by reference all the allegations in paragraphs 1 through 43 above.

45.    Pursuant to Federal Rules of Civil Procedure, Rule 5.2, Kohl's was required to redact plaintiff's social security or taxpayer-identification numbers; and date of birth et al. from all credit reports  By failing to comply with Rule 5.2, Kohl's had made plaintiff's personal and financial confidential information contained in her credit reports as a public record.

46.    As a result of Kohl's willful breach of the terms of Stipulated Protective Agreement, plaintiff has been injured because her constitutional right to privacy in her personal and financial confidential information contained in her credit reports has been violated.

47.    As a result of Kohl's willful breach of the terms of Stipulated Protective Order; plaintiff has been injured because her constitutional right to privacy in her personal and financial confidential information contained in her credit reports has been violated.

48.    As a result of Kohl's willful noncompliance of the requirement of §1798.85(a)(1), plaintiff's privacy right as protected by the Constitution of the State of California, Article I, Section 1 has been invaded.

49.    As a result of Kohl's willful noncompliance of the requirement of FACTA, Civil Code § 1798.83 and §1798.50 et. al., plaintiff's constitutional right to privacy in her personal and financial confidential information has been invaded.

50.    As a result of Kohl's unwarranted and unconstitutional dissemination of plaintiff's personal and financial confidential information contained in her credit reports, plaintiff had suffered and she continues to suffer irreparable harm.  Kohl's should be directed to remove plaintiff's credit reports from the Ninth Circuit Docket.

51.    Unless Kohl's unconstitutional acts are enjoined by the order of this Court, Kohl's had caused and will continue to cause irreparable injury to plaintiff, and she has no adequate remedy at law.

52.    As a result of the aforementioned acts, plaintiff was and is continued to be injured as set forth above and is entitled to compensatory damages against Kohl's.

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against Kohl's as follows:

1. Kohl's should be directed to remove plaintiff's credit report from the Ninth Circuit Docket;

2. Actual and/or Statutory damages ($150,000)

3. Punitive damages;

4. Injunctive relief;

5. Attorney's fees; and

6. Interest accrued on damages and penalties;

7. Such other and further relief as the Court deems just and proper and;

8. Costs and expenses incurred in the action.

Respectfully Submitted;

Dated:  January 17, 2013                    By:  _Kamlesh Banga_
                                                 KAMLESH BANGA
                                                 Plaintiff in Pro Per

COMPLAINT                                                                    Page 10

# VERIFICATION

I, Kamlesh Banga, declare under penalty of perjury under the laws of the State of California that I am a plaintiff in the above-entitled action. I have read the Complaint and I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 17, 2013 in the County of Solano.

By: _____
KAMLESH BANGA
Plaintiff in Pro Per

COMPLAINT