UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KAMLESH BANGA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KOHL'S DEPARTMENT STORES, INC., INC., EXPERIAN INFORMATION SOLUTIONS, INC. AND DOES 1 THROUGH 10 INCLUSIVE,<br><br>　　　　Defendants. | Case No: C 13-00275 SBA<br><br>**ORDER DENYING MOTION FOR AN ORDER TO SHOW CAUSE; GRANTING MOTION TO DISMISS IN PART; AND DISMISSING PENDENT STATE LAW CLAIMS**<br><br>Docket 14, 29 |

　　　The parties are presently before the Court on Plaintiff Kamlesh Banga's ("Plaintiff") motion for an order to show cause why Defendant Kohl's Department Stores, Inc. ("Kohl's") should not be held in contempt of court and sanctioned for violating protective orders issued in the related action <u>Banga v. Experian Information Solutions</u>, C 08-4147-SBA. Dkt. 14. Also before the Court is Kohl's motion to dismiss the first amended complaint ("FAC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 29. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Plaintiff's motion for an order to show cause, and GRANTS IN PART Kohl's motion to dismiss. The Court DISMISSES Plaintiff's federal claim without leave to amend and declines to assert supplemental jurisdiction over Plaintiff's remaining state law claims, which are DISMISSED WITHOUT PREJUDICE to the refiling of said claims in a state court action. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

The instant action arises from Kohl's and Experian Information Solutions, Inc.'s ("Experian") (collectively, "Defendants") alleged violation of two protective orders issued in the related action Banga v. Experian Information Solutions, C 08-4147-SBA.  See FAC, Dkt. 6.  In that case, Plaintiff asserted claims for violations of the Fair Credit Reporting Act, the California Consumer Credit Reporting Agencies Act, and California's Unfair Competition Law.  See C 08-4147-SBA, Dkt. 4.  On May 26, 2009, the parties entered into a stipulated protective order concerning Plaintiff's deposition ("Deposition Protective Order").  FAC ¶ 8.  Pursuant to this order, Plaintiff produced four of her consumer credit reports at the "outset" of her deposition.  Id. ¶ 9.  The order states that plaintiff's "deposition transcript and video recording shall be used only for purposes of this litigation," and "shall only be accessed by the parties to the action and their attorneys."  See Deposition Protective Order, C 08-4147-SBA, Dkt. 65.  According to Plaintiff, the terms of the Deposition Protective Order required Defendants to file her consumer reports under seal during the litigation because the reports contained "detailed personal identifying information," including her social security number, date of birth, current address, past addresses, credit card numbers, and bank account number.  FAC ¶¶ 9, 22-24.

On May 27, 2009, the parties entered into a second protective order ("Protective Order"), which provided that "a Party may not file in the public record in this action any Protected material.  A party that seeks to file under seal any Protected Material must comply with Civil Code Rule 79-5."  FAC ¶ 10.  According to Plaintiff, the terms of this order required Kohl's and Experian to file her credit reports under seal with the Court.  Id.

In the instant action, Plaintiff alleges that Experian breached the terms of the protective orders by filing two of her credit reports "without seal" on July 8, 2009 in Banga v. Experian Information Solutions, C 08-4147-SBA.  FAC ¶ 11.  Plaintiff further alleges that on July 9, 2009 she asked Experian to remove her credit reports from the Court's docket but Experian refused, stating that Plaintiff had not designated the reports as confidential.  Id.

1    On March 18, 2010, the Court issued an order granting summary judgment in favor
2  of Kohl's and Experian.  FAC ¶ 12.  Plaintiff subsequently appealed that order.  Id.  On
3  February 11, 2011, Kohl's filed an answering brief with the Ninth Circuit and
4  "Supplemental Excerpts of Record," which included two of Plaintiff's credit reports filed
5  "without seal."  FAC ¶ 12.
6    On February 28, 2011 and November 15, 2011, Plaintiff asked Kohl's to remove her
7  credit reports from the Ninth Circuit docket but Kohl's refused to do so.  FAC ¶ 13.  On
8  May 24, 2012, the Ninth Circuit issued an order affirming this Court's summary judgment
9  order.  See C 08-4147-SBA, Dkt. 325.  On August 20, 2012, Plaintiff informed Defendants
10 that her credit reports should be removed from the district court and the Ninth Circuit
11 dockets.  FAC ¶ 14.  According to Plaintiff, "[b]y posting [her] credit reports without seal
12 with the District Court and the Ninth Circuit, Defendants ha[ve] breached the [terms of the
13 Deposition Protective Order] of May 26, 2009 and [the Protective Order] of May 27, 2009."
14 Id. ¶ 15.
15   On January 18, 2013, Plaintiff commenced the instant action against Kohl's.
16 Compl., Dkt. 1.  On April 2, 2013, Plaintiff filed a FAC adding Experian as a Defendant.
17 See FAC.  The FAC alleges six claims for relief: (1) "Claim for Breach of Stipulated
18 Protective Agreement of May 26, 2009"; (2) "Claim for Breach of Stipulated Protective
19 Order of May 27, 2009"; (3) "Claim for Violation of California Civil Code § 1798.85"; (4)
20 "Claim for Violation of FACTA California Civil Code § 1798.83 and § 1798.50"; (5)
21 "California Constitution Art. 1, § 1"; and (6) "Common Law Invasion of Privacy."  See id.

## II.  DISCUSSION

### A.  Motion for an Order to Show Cause

Plaintiff moves for an order to show cause why Kohl's should not be held in contempt of Court and sanctioned for "plainly and blatantly" violating the terms of the protective orders issued in the earlier related case, i.e., Banga v. Experian Information Solutions, C 08-4147-SBA. Dkt. 29.  Plaintiff contends that such an order is warranted because Kohl's filed two of her consumer credit reports "without seal" in the Ninth Circuit

in that case on February 11, 2011. Id. Rule Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff seeks civil contempt sanctions against Kohl's in the form of a default judgment. Id.[1]

Rule 37 grants courts the authority to impose sanctions where a party has violated a discovery order, including a protective order. See United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 910 (9th Cir. 1986); Westinghouse Elec. v. Newman & Holtzinger, P.C., 992 F.2d 932, 935 (9th Cir. 1993); see also On Command Video Corp. v. LodgeNet Entertainment Corp., 976 F.Supp. 917, 921 n. 2 (N.D. Cal. 1997) (Armstrong, J.) ("A protective order is a discovery order subject to the provisions of Rule 37"). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the [non-moving party] violated a specific and definite order of the court." FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999). The contempt "need not be willful, and there is no good faith exception to the requirement of obedience to a court order." In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). "But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." Id. (internal formatting and quotation marks omitted). " 'Substantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." Id.

"The district court's authority to issue the sanctions is subject to certain limitations: (1) the sanction must be just; and (2) the sanction must specifically relate to the particular claim at issue in the order. Furthermore, a compensatory award is limited to the 'actual losses sustained as a result of the contumacy.' " Nat'l Med. Enters., 792 F.2d at 910 (citations omitted).

---

[1] Plaintiff also seeks an order directing Kohl's to remove her credit reports from the Ninth Circuit's docket. In response to the instant motion, Kohl's submitted an order from the Ninth Circuit granting its motion to seal Plaintiff's credit reports. Dkt. 46-1. Accordingly, because Plaintiff's credit reports have been removed from the public record and filed under seal, id., Plaintiff's request for an order directing Kohl's to remove her credit reports from the Ninth Circuit's docket is DENIED as moot.

1  The Court finds that Plaintiff has not carried her burden to demonstrate that civil
2  contempt sanctions are warranted. As an initial matter, Plaintiff offers no explanation for
3  filing the instant motion in this action rather than the action in which the protective orders
4  were issued. Nor has she explained the extraordinary delay. She offers no explanation for
5  waiting nearly two-and-a-half years after Kohl's allegedly violated the protective orders to
6  file a motion for an order to show cause. That aside, even assuming that Kohl's violated
7  one or both of the protective orders, Plaintiff has failed to demonstrate that the Court has
8  the authority to issue contempt sanctions against Kohl's in this action based on Kohl's
9  conduct in the earlier related action. Moreover, even if Plaintiff had made such a showing,
10 she has failed to demonstrate that the harsh sanction of entry of default judgment against
11 Kohl's in this action is appropriate.[2] Plaintiff has not cited the relevant test for a
12 terminating sanction under Rule 37, let alone provided legal analysis demonstrating that
13 entry of default judgment against Kohl's is warranted. It is not the role of the Court to
14 make the parties' arguments for them. See Indep. Towers of Wash. v. Wash., 350 F.3d 925,
15 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the
16 discussion and raise the issues to the court."). Accordingly, Plaintiff's motion for an order
17 to show cause is DENIED.

**B.  Motion to Dismiss**

**1.  Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 563 U.S. 662, 678

---

[2] Plaintiff does not argue that a monetary sanction against Kohl's is appropriate.

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 563 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible."  Id. at 683.  Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (internal quotation marks and citation omitted).

Where a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts."  Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).  Leave to amend is not required where permitting further amendment to the pleadings would be futile.  See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049-1050 (9th Cir. 2006).

///

///

### 2. Federal Claim

#### a. Kohl's

Plaintiff's fourth claim for relief alleges that she is a "former credit card holder of Kohl's," and that Kohl's violated "the FACTA" by "willfully displaying [her] personal identifying information . . . to the general public" by filing her credit reports with the Ninth Circuit on February 11, 2011 "without seal" in Banga v. Experian Information Solutions, C 08-4147-SBA. See FAC ¶¶ 12, 15, 38. According to Plaintiff, her consumer credit reports contained "personal identifying information," including her "credit card numbers." Id. ¶ 9.

In 2003, Congress passed the Fair and Accurate Credit Transactions Act ("FACTA"), an amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Simonoff v. Expedia, Inc., 643 F.3d 1202, 1204 (9th Cir. 2011). Congress' purpose in passing FACTA was "to prevent criminals from obtaining access to consumers' private financial and credit information in order to reduce identity theft and credit card fraud." Pub.L. No. 110–241, § 2, 122 Stat. 1565 (June 3, 2008). The FACTA provides that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1). This restriction covers only "receipts that are electronically printed, and [does] not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card." Id. § 1681c(g)(2). Thus, the FACTA "prohibits merchants from printing credit card expiration dates and non-truncated credit card numbers on 'electronically printed' receipts. Simonoff, 643 F.3d at 1207.

As an initial matter, the Court deems Plaintiff's failure to offer any argument in opposition to Kohl's motion to dismiss her FACTA claim as an abandonment of this claim and consent to the granting of the motion to dismiss. See Ramirez v. Ghilotti Bros. Inc., 941 F.Supp.2d 1197, 1210 n. 7 (N.D. Cal. 2013) (failure to respond to argument on merits viewed as waiver or abandonment of the argument); see also Civil Standing Orders at 4

1 ("The failure of the opposing party to file a memorandum of points and authorities in
2 opposition to any motion shall constitute a consent to the granting of the motion."). The
3 above notwithstanding, the Court finds that Plaintiff's FACTA claim fails as a matter of
4 law. This case does not involve the printing of credit card expiration dates and non-
5 truncated credit card numbers on "electronically printed" receipts. Nor does it involve the
6 use of credit cards for the purpose of transacting business. Plaintiff has not cited, and the
7 Court is not aware of, any authority extending liability under the FACTA to the disclosure
8 of credit card information in a court docket. Accordingly, Kohl's motion to dismiss
9 Plaintiff's FACTA claim is GRANTED without leave to amend.

### b. Experian

Plaintiff's fourth claim for relief alleges that Experian violated the FACTA by disclosing her personal information to the general public by filing her credit reports "without seal" on July 8, 2009 in Banga v. Experian Information Solutions, C 08-4147-SBA. FAC ¶¶ 11, 15, 39. While Experian has not filed a motion to dismiss, the Court *sua sponte* dismisses this claim under Rule 12(b)(6). See Omar v. Lea–Lane Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). The statute of limitations under FACTA is two years. See 15 U.S.C. § 1681p (a plaintiff must bring a FACTA action within "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability."); Alda v. SBMC Mortg., 2012 WL 10589, at *5 (N.D. Cal. 2012) (same).

Here, Plaintiff alleges that she informed Experian on July 9, 2009 that it had breached the terms of the protective orders issued in the earlier related case by filing her credit reports "without seal." FAC ¶ 11. However, Plaintiff did not commence the instant action until January 2013 and did not add Experian as a Defendant until April 2013, more than three-and-a-half years after Experian's alleged violation of the FACTA. Thus, even assuming for the sake of argument that Plaintiff could state a cognizable claim against

Experian for violating the FACTA, Plaintiff's claim is time-barred. Accordingly, Plaintiff's FACTA claim against Experian is DISMISSED without leave to amend.

### C. Remaining State law Claims

Federal court jurisdiction is limited to claims raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). In this case, Plaintiff predicates this Court's subject matter jurisdiction on her federal claim against Defendants. See 28 U.S.C. § 1331. The Court's jurisdiction over her state law claims is based on supplemental jurisdiction. 28 U.S.C. § 1367(a).

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010). " '[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.' " Sanford, 625 F.3d at 561. Having now dismissed the federal claim alleged against Defendants without leave to amend and given the early stage of this litigation, the Court exercises its discretion and declines to assert supplemental jurisdiction over Plaintiff's remaining state law claims. Accordingly, Plaintiff's state law claims are DISMISSED without prejudice.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for an order to show cause is DENIED.

2. Kohl's motion to dismiss is GRANTED IN PART as to Plaintiff's FACTA claim without leave to amend.

3. Plaintiff's FACTA claim against Experian is DISMISSED without leave to amend.

4. The Court declines to assert supplemental jurisdiction over Plaintiff's remaining state law claims, which are DISMISSED WITHOUT PREJUDICE to the refiling of said claims in a state court action.

5. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 12/20/2013

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge